IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. FISHMAN, | : |
| | : |
| Plaintiff, | : Civil Action No: 2:2013-CV-05198 |
| | : |
| v. | : |
| | : |
| ALAN B. EPSTEIN and SPECTOR, GADON & ROSEN, P.C., | : |
| | : |
| Defendants. | : |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, ALAN B. EPSTEIN AND SPECTOR, GADON & ROSEN, P.C. TO PLAINTIFF'S COMPLAINT

### JURY TRIAL DEMANDED

1. Admitted.

2. Admitted.

3. Denied. The document attached to Plaintiff's Complaint as Exhibit "1" is a written document that speaks for itself. To the extent that the terms of that agreement are contrary to the assertions contained in Paragraph 3 of the Complaint, they are denied.

4. Admitted.

5. Admitted.

6. Denied as stated. The document discussed in Paragraph 6 of the Complaint is a written document that speaks for itself. To the extent that the terms of that agreement are contrary to the assertions contained in Paragraph 3 of the Complaint, they are denied. By way of further response, it is admitted that the first phase of the contract with Keane was for an amount under $500,000.00. While responding Defendants have no knowledge, information or belief

regarding what Fishman "recognized" or what is meant by "potential technical violation," it is admitted upon information and belief that Fishman did inform Saul Fox regarding the terms of the contract and that Chairman Fox did not object to Fishman's actions. Upon reasonable investigation, Defendants are not able to confirm or deny what were Chairman Fox's actual reflections were, but they admit that the amount actually billed by Keane Worldzen for the work performed was $462,500.

7. Denied as stated. While it is admitted that Board approval would be needed for any engagement for the services of Keane Worldzen in excess of $500,000.00, responding Defendants have no knowledge, information or belief as to what would be surprising or not to Keane regarding the execution of a second contract or whether or not Keane envisioned implementing solutions to all the problems it identified in the first contract. While it is admitted that the second proposed contract did require substantial additional work by Keane Worldzen, Defendants have no knowledge, information or belief regarding the specific value of those services.

8. Admitted based upon information and belief.

9. Admitted based upon information and belief.

10. Denied as stated. It is admitted only that on May 8, 2007, Chairman Fox delivered a letter to Fishman, the terms of which included the cited language set forth in Paragraph 10 of the Complaint.

11. Admitted that Plaintiff employed Defendants regarding his arbitration claim against UAI. The remaining allegations of paragraph 11 relate only to the issues of jurisdiction and venue in the Cook County, Illinois Courts and are moot in that this matter has been transferred to the United States District Court for the Eastern District of Pennsylvania.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied. While Defendant Epstein was aware that Board approval was central to the issues regarding Fishman's authority raised in the counterclaim, he was not aware that the settlement of Fishman's claims reached with Chairman Fox's approval in an amount in excess of $500,000 would require the approval of the entire UAI Board of Directors. Moreover, the draft Release prepared by UAI's counsel after the parties agreed to the settlement terms did not include such a provision.

17. Denied. It is admitted only that based on information and belief, an action was filed in Montgomery County on August 17, 2007. The remaining allegations in Paragraph 17 of the Complaint are denied as stated.

18. Admitted.

19. Denied as stated. It is admitted only that in July of 2009 the Montgomery County litigation was pending. The remaining allegations in Paragraph 19 of the Complaint are denied.

20. Denied. The statements contained in Paragraph 20 of the Complaint are statements of law to which no response is required. To the extent that they are deemed to be statements of facts, they are denied.

21. Denied as stated. It is admitted that the settlement negotiations were entered into at the time that the parties convened for the purpose of taking the deposition of Chairman Fox. It

is further admitted that Fishman was privy to those negotiations by telephone discussions with Epstein throughout the pendency of the discussions with Chairman Fox and counsel and that Fishman approved finalizing the settlement of his claims on the basis of the terms negotiated between Epstein and UAI that morning.Admitted as to the terms of the settlement.

22. Denied as stated. It is admitted only that the terms of the settlement as set forth in Paragraph 22 are a correctly cited portion of the terms reached between the parties, <u>except</u> that Fishman only agreed to tell the truth regarding the Keane Worldzen contract with UAI.

23. Denied as stated. It is agreed only that Epstein was aware that the terms of the included an obligation that Fishman provide cooperation to UAI regarding the taking of his testimony in the Keane Wordzen litigation.

24. Denied. By way of further response, the court reporter was dismissed before the terms of the agreement were reached and the counsel for the defendant agreed (as is customary as the party representing the defendant party) that they would prepare the written version of the settlement agreement.

25. Denied.

26. Denied. By way of further response, Epstein had no power or authority to ensure that Fishman would be called to testify in the Keane Worldzen litigation. It is admitted that on November 29, 2009, Epstein was notified that UAI had unilaterally declared that there was no settlement between the parties and that any "offer" of settlement was withdrawn.

27. Denied as stated. It is admitted only that after several days of testimony, the appointed arbitrator issued an Order denying the enforcement of the settlement agreement as requested by Fishman. The decision of the appointed arbitrator (attached as Exhibit "B" to Plaintiff's Complant) is a writing that speaks for itself and to the extent that the terms of that

agreement are contrary to the assertions contained in Paragraph 27 of the Complaint, they are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT II

1-32. Defendants incorporate by reference their answers to paragraphs 1 through 32 of the Plaintiff's Complaint as if the same were fully set forth herein at length.

33. Denied as stated. It is admitted only that Defendants did contract with Fishman to provide competent legal representation of Fishman throughout their representation.

34. Denied.

35. Denied.

## AFFIRMATIVE DEFENSES

36. The Arbitrator in this matter determined that no "settlement" of Fishman's claims had been reached, and therefore, the request of Fishman to enforce a settlement had to be denied.

37. By settling the underlying claim with UAI Plaintiff does not have a basis for any claim against responding Defendants.

38. To the extent that Plaintiff's claims are barred by accord and satisfaction, Defendants claim same.

39. To the extent that Plaintiff's claims are barred by any Arbitration and Award, Defendant claims same.

40. To the extent that Plaintiff's claims are barred by the consent of Fishman, Defendants claim same.

41. To the extent that Plaintiff's claims are barred by any release executed by Fishman, Defendants claim same.

42. To the extent that Plaintiff's claims are barred by the doctrine of *res judicata* or issue preclusion, Defendants claim same.

43. To the extent that Plaintiff's claims are barred by the doctrines of latches and/or estoppel, Defendants claim same.

44. To the extent that Plaintiff's claims are barred by Fisher's own contributory negligence, Defendants claim same.

45. To the extent that Plaintiff's claims are barred by impossibility of performance Defendants claim same.

46. To the extent that Plaintiff's claims are barred by any applicable Statutes of Limitation, Defendants claim same.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:     s/JS1015
JOSEPH J. SANTARONE, JR., ESQUIRE (PA45723)
*Attorney for Defendant*

2000 Market Street
Philadelphia, PA 19103
(215) 575-2626
(215) 575-0856
jjsantarone@mdwcg.com

DATE:     November 7, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. FISHMAN, | : |
| Plaintiff, | : Civil Action No: 2:2013-CV-05198 |
| v. | : |
| ALAN B. EPSTEIN and SPECTOR, GADON & ROSEN, P.C., | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Jr., Esquire, do hereby certify that a true and correct copy of my Answer and Affirmative Defenses of Defendants Alan B. Epstein and Spector, Gadon & Rosen, P.C., was electronically filed with the Court and is available for viewing and downloading from the ECF System.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____s/JS1015_____
JOSEPH J. SANTARONE, JR., ESQUIRE (PA45723)
*Attorney for Defendant*

2000 Market Street
Philadelphia, PA 19103
(215) 575-2626
(215) 575-0856
jjsantarone@mdwcg.com

DATE:   November 7, 2013